UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JORDAN JACKSON,

      Plaintiff,                                Case No. 1:25-cv-10693

v.                                            Hon. Thomas L. Ludington
                                                 United States District Judge

ELVIS CHE, et al.,

      Defendants.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

On December 11, 2024, Plaintiff Jordan Jackson—a prisoner in the custody of the Michigan Department of Corrections (MDOC)—filed a *pro se* Complaint under 42 U.S.C. § 1983. Plaintiff sues Corrections Officer Elvis Che, Inspector Russell Wahtola, and Warden James Malloy, all employees at the MDOC facility where he was confined. He seemingly alleges that Defendant Che used excessive force against him, and Defendants Wahtola and Malloy did not hold Defendant Che accountable when Plaintiff filed a grievance. Because Plaintiff proceeds in forma pauperis, his pro se Complaint is subject to screening under the Prisoner Litigation Reform Act. Plaintiff's Complaint does not survive this screening. So Plaintiff's Complaint will be dismissed and, because no appeal can be taken in good faith, his ability to proceed *in forma pauperis* on appeal will be denied.

**I.**

According to Plaintiff Jordan Jackson, on August 24, 2024—while confined by the Michigan Department of Corrections (MDOC) in a facility in Jackson, Michigan—he logged on to his "JPay" account without authorization from corrections staff. ECF Nos. 1 at PageID.3; 3 at PageID.10. As Plaintiff did so, Defendant Elvis Che, a corrections officer at the facility, allegedly

swiped Plaintiff's hand, pushed him in his chest, and directed Plaintiff to "lock down." ECF No. 1 at PageID.3. Plaintiff then went to his "cell and locked down." *Id.*

After this incident, Plaintiff allegedly filed a grievance against Defendant Che with the facility. *Id.* According to Plaintiff, the hearing inspector, Defendant Russell Wahtola, rejected his grievance claim. *Id.* After that, the facility warden, Defendant James Malloy, affirmed that rejection. *Id.*

On December 11, 2024, Plaintiff filed a *pro se* civil rights Complaint in the United States District Court for the Western District of Michigan. *See* ECF No. 3. Plaintiff also applied to proceed *in forma pauperis* (IFP) when he filed his Complaint. *See* ECF No. 2. Plaintiff sues Defendant Che in his individual capacity and Defendants Wahtola and Malloy in their official capacity, seeking monetary relief. ECF No. 1 at PageID.2, 4. Though unclear, Plaintiff seemingly asserts an Eighth Amendment excessive force claim against Defendants, as he seeks to hold Defendant "Che . . . responsible for the physical and emotional damages" that he allegedly suffered from the incident. ECF No. 1 at PageID.4. His claims against Defendants Wahtola and Malloy are entirely unclear. *See generally id.* at PageID.4–5.

Because the underlying events took place in the Eastern District of Michigan, on March 12, 2025, this case was transferred to the Eastern District of Michigan. *Id.* Soon after, Plaintiff's IFP Application was granted. ECF No. 5.

## II.

Because Plaintiff proceeds IFP, Plaintiff's Complaint is subject to Prison Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.

Plaintiff's Complaint does not survive IFP screening. To that end, it fails to state a viable claim against any Defendant.

### A.

Start with his official capacity claims against Defendant Wahtola and Malloy. After the Revolution, the States regarded themselves as fully sovereign entities—nations in their own right. *Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230, 237 (2019). A defining attribute of that sovereignty was immunity from private suits. *Id.* (quoting *Fed. Mar. Comm'n v. S.C. Ports Auth.*, 535 U.S. 743, 751–52 (2002)). Yet, in ratifying the Constitution, the States agreed to a measure of surrender. They consented to federal jurisdiction in certain categories of cases; for example, those brought by other States, *see* U.S. CONST. art. III, § 2, and by the United States itself, *see Hyatt*, 587 U.S. at 231.

But in *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419 (1793), the Supreme Court went further, concluding that Article III permitted suits against a State by private citizens. The decision sparked immediate outrage, as both Congress and the States moved swiftly to correct what they viewed as

a fundamental misstep. Their response came in the form of the Eleventh Amendment, which declares that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

The principle that emerged is well settled: the Eleventh Amendment withdraws federal jurisdiction over suits brought by private plaintiffs against a State, or against state officials in their official capacities for damages—because such suits are, in effect, suits against the State itself. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Sovereign immunity operates as a true jurisdictional bar, one that must be resolved before the Court may consider the merits. *Russell*, 784 F.3d at 1046; *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018). Still, the rule admits exceptions: Congress may abrogate state sovereign immunity through unmistakably clear legislation, and a State may choose to waive its immunity or otherwise consent to suit. *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016).

Here, Plaintiff's claims against Defendants Wahtola and Malloy are barred by Eleventh Amendment sovereign immunity. Indeed, because Defendants Wahtola and Malloy are MDOC employees—that is, state officials—sued in their official capacity for monetary damages, Plaintiff's claims are suits against the State itself. *See, e.g., Sims v. Michigan Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001). And Congress has not abrogated Eleventh Amendment immunity for § 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Nor has Michigan "consented to the filing of civil rights suits against it in federal court." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Thus, Plaintiff's claims against Defendants Wahtola and Malloy will be dismissed without prejudice based on their entitlement to state sovereign immunity. *Id.* ("We have

consistently held that . . . MDOC" is not a "person that may be sued for money damages under §

1983." (citation modified)).

**B.**

Turn to Plaintiff's claim against Defendant Che in his individual capacity, which, construed

liberally, is an Eighth Amendment excessive force claim. *See* ECF No. 1 at PageID.3–4. The

Eighth Amendment forbids the excessive use of force against prisoners by those charged with their

custody. *See, e.g., Hudson v. McMillan*, 503 U.S. 1, 5, 8–9 (1992); *Whitley v. Albers*, 475 U.S.

312, 319 (1986). Such claims carry both a subjective and an objective component. *Wilson v. Seiter*,

501 U.S. 294, 298–99 (1991). The inquiry asks whether the force was applied "in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*,

503 U.S. at 6–7. Objectively, the pain inflicted must be "sufficiently serious" to offend

"contemporary standards of decency." *Id.* at 8; *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir.

2014).

Not every push or shove crosses that constitutional line. The Eighth Amendment does not

constitutionalize the ordinary frictions of prison life. *Hudson*, 503 U.S. at 9–10. Force applied in

a good-faith effort to maintain discipline serves a legitimate penological purpose and falls outside

the Amendment's prohibition. *Whitley*, 475 U.S. at 320–21. While a prisoner need not show a

serious or significant injury to prevail, a *de minimis* use of force—so long as it is not "repugnant

to the conscience of mankind"—does not give rise to an Eighth Amendment claim. *Hudson*, 503

U.S. at 9–10. As the Supreme Court has observed, an inmate who complains of a "push or shove"

that leaves no discernible injury "almost certainly fails to state a valid excessive force claim."

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 9); *see also Hanson v.

Madison Cnty. Detention Ctr.*, 736 F. App'x 521, 530 (6th Cir. 2018).

Here, Plaintiff's Complaint fails to state a viable excessive force claim against Defendant Che. Plaintiff alleges that Defendant Che "swiped his hand" and "pushed him in the chest." ECF No. 1 at PageID.3. Those allegations describe precisely the sort of minor, fleeting physical contact that is appropriately recognized as *de minimis*. They do not, without more, implicate the Constitution. Courts have consistently dismissed excessive-force claims resting on similar allegations. *See, e.g.*, *Hanson*, 736 F. App'x at 529–30 (deeming a shove into a wall with minimal provocation not a constitutional violation); *Antoine v. Carr*, No. 1:24-cv-1258, 2025 WL 718971, at *4 (W.D. Mich. Mar. 6, 2025) (claim that officer "roughed up" and "pushed" inmate dismissed); *Tankersley v. Bradley Cnty. Jail*, No. 1:24-cv-292, 2024 WL 4241615, at *3 (E.D. Tenn. Sept. 19, 2024) (two shoves insufficient); *Briggs v. Miles*, No. 1:13-cv-228, 2015 WL 1120132, at *12 (W.D. Mich. Mar. 12, 2015) (single shove during transport deemed *de minimis*). Moreover, taken as true, Plaintiff's allegations do not plausibly suggest Defendant used force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. They instead describe an incidental penological encounter where Defendant Che disciplined Plaintiff for his unauthorized use of his JPay account—an encounter that, while perhaps unpleasant, falls short of a constitutional violation. Thus, Plaintiff's claim against Defendant Che will be dismissed.

In sum, Plaintiff's Complaint, ECF No. 1, does not withstand IFP screening. To that end, Plaintiff's official-capacity claims for monetary relief against Defendants Wahtola and Malloy are barred by Eleventh Amendment sovereign immunity. And Plaintiff's Eighth Amendment excessive force claim against Defendant Che fails to state a viable claim. So Plaintiff's Complaint, ECF No. 1, will be summarily dismissed.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's ability to proceed *in forma pauperis* on appeal is

**DENIED.**

**This is a final order and closes this case.**

Dated: October 20, 2025                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge